JEFFERSON CITY.

Young *et al.*, Defendants in Error, v. Montgomery, Plaintiff in Error.

1. A parol agreement respecting the sale of land, of which there has been part performance, is not within the statute of frauds. Possession alone, without payment, is sufficient part performance to authorize a decree for a specific execution; but the possession must be under the contract and not a mere tenancy, or taken under some other contract; and the contract must be unequivocally established.

*Error to Wright Circuit Court.*

It is deemed unnecessary to set forth the facts more fully than they appear in the opinion of the court.

*Riley, Edwards* and *Ewing,* for plaintiff in error.

I. The court erred in excluding the testimony offered. (2 Mo. 109; 25 Mo. 63; Sugd. Mend. 135; 1 Blackf. 58; 5 Blackf. 383.)

*Waddell,* for defendants in error.

Napton, Judge, delivered the opinion of the court.

This was an action of ejectment to recover eighty acres of land in Pulaski county, and the defence set up in the answer was that there was a parol sale of the land to defendant, and the answer further prayed a specific performance and decree of title. Upon the trial, the plaintiffs showed title in their ancestor, and the defendant offered proof relative to the parol sale, but the proof was rejected. An exception was taken and the case brought here.

We can form no conjecture as to the grounds upon which the proof offered in this case was rejected. That there are cases of part performance of a parol agreement for the sale of land, which will take them out of the statute of frauds, is beyond doubt. Whether the present case is one of them or not, we can of course form no opinion from any information contained in this record. The defendant offered to prove a

Young v. Montgomery.

parol sale, a delivery of possession, and a payment of the principal part of the purchase money; but the proof was rejected and no other evidence given. It is well settled that possession alone, without payment, is sufficient part performance to maintain a decree for a specific execution; but the possession must be under the contract, and not a mere tenancy or taken under some other contract, and the contract must be unequivocally established.

It is useless, however, to undertake to go into this subject, one that is fully treated of in the elementary books and adjudged cases. The circumstances of the particular case must be fully disclosed in order to determine the applicability of general principles to them. Where there is an offer of testimony generally, unless the defence is totally inadmissible under any circumstances, it will save time and expense to let in the proof and then determine its relevancy and effect.

The other judges concurring, the judgment is reversed and case remanded.